UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GPB TRUST COMPANY, LLC, and CASEY DARKENWALD, | Case No. 25-cv-1111 (LMP/JFD) |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' REQUEST FOR LEAVE TO FILE EARLY MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| GEMINI INSURANCE COMPANY, | |
| Defendant. | |

Plaintiffs GPB Trust Company, LLC, and Casey Darkenwald (collectively, "Plaintiffs") filed a letter requesting leave to file an early motion for partial summary judgment. ECF No. 14. Defendant Gemini Insurance Company ("Gemini") opposes Plaintiffs' request. ECF No. 15. After carefully considering Plaintiffs' request and Gemini's response, the Court denies Plaintiffs' request at this time.

In this insurance coverage dispute, Plaintiffs contend that the issue of Gemini's duty to defend Plaintiffs in parallel, ongoing Minnesota state-court proceedings, *see* ECF No. 1-1 at 3, is ripe for adjudication because it requires only "a straightforward interpretation of the insurance policy," ECF No. 14 at 1. Plaintiffs represent that the "pertinent facts are not in dispute" and that the parties already possess the documents that are relevant to resolving the issue. *Id.* Consequently, Plaintiffs assert that "discovery is largely unnecessary" as to Gemini's purported duty to defend and that, as a matter of judicial efficiency, the Court should permit them to file an early motion for partial summary judgment and resolve that issue now. *Id.* at 1–2. Notably, however, Plaintiffs concede that

the issue of Gemini's duty to indemnify Plaintiffs in the state-court proceedings "is not fully developed because the underlying litigation is ongoing." *Id.* at 1.

Gemini opposes Plaintiffs' request. ECF No. 15 at 1. Gemini states that Plaintiffs' representation that the parties have "'everything they need' to resolve the duty to defend . . . is factually incorrect and also inconsistent with Minnesota law." *Id.* Gemini represents that Plaintiffs should not be permitted to file dispositive motions "before Gemini has the opportunity to conduct written discovery and perhaps limited deposition discovery." *Id.* Gemini also contends that only Plaintiffs have indicated the need for expert discovery and propose that the dispositive motion deadline could be set earlier if Plaintiffs do not actually need expert discovery. *Id.* at 2.

The Court recognizes that early summary judgment may be appropriate in certain circumstances. *See Kahsai v. DeJoy*, No. 20-cv-1060 (JRT/DJF), 2023 WL 2597056, at *2 (D. Minn. Mar. 22, 2023) ("An early summary judgment motion may be appropriate when it serves judicial efficiency."); *Aucutt v. Six Flags Over Mid-America, Inc.*, 85 F.3d 1311, 1316 (8th Cir. 1996) (explaining that early summary judgment is "particularly appropriate" where "the unresolved issues are primarily legal rather than factual"). But "[a]s a general rule, summary judgment is proper 'only after the nonmovant has had adequate time for discovery.'" *Rollins v. City of Albert Lea*, No. 14-cv-299 (SRN/HB), 2015 WL 8751517, at *2 (D. Minn. Dec. 14, 2015) (quoting *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 113 F.3d 1484, 1490 (8th Cir. 1997)). In addition, courts generally "discourage piecemeal motions for summary judgment." *Brand Advantage Grp., Inc. v. Henshaw*, No. 20-cv-225 (JRT/JB), 2020 WL 5097107, at *3 (D. Minn. Aug. 28, 2020).

The determination as to whether a claim is ripe for summary judgment is within a court's discretion. *See Engine P'ship v. Self-Cleaning Env'ts USA, Inc.*, 74 F.3d 1243, 1243 (8th Cir. 1996) (per curiam).

The Court agrees with Gemini that summary judgment is not appropriate at this time for two reasons.

First, under the scheduling order in this case—which was entered less than one month ago—fact discovery is to conclude by December 1, 2025, with expert discovery to conclude by March 17, 2026. ECF No. 12 at 2–3. Dispositive motions are to be filed by March 18, 2026, one day after the end of expert discovery. *Id.* at 4. Gemini represents that it needs discovery to adequately defend against a motion for summary judgment. ECF No. 15 at 1–2. And notably, Plaintiffs state that discovery is "largely"—not "entirely"—unnecessary to decide the duty-to-defend issue. ECF No. 14 at 1. Given the early stage of these proceedings, the Court is inclined to adhere to the current scheduling order so that the parties have the opportunity to conduct any necessary discovery. *See Rollins*, 2015 WL 8751517, at *2.

Second, the Court is unconvinced that early summary judgment serves judicial efficiency here. Plaintiffs seek leave to file a motion for only *partial* summary judgment, so even if the Court were to grant Plaintiffs leave to file an early summary judgment motion, and even if Plaintiffs achieved total victory on their motion, this case would continue. *See Brand Advantage*, 2020 WL 5097107, at *3 (denying leave to file early motion for summary judgment where the moving party did not show that early summary judgment "would likely dispose of the case in its entirety"). Moreover, by Plaintiff's own

3

admission, the record is "not fully developed" as to Plaintiffs' claim that Gemini has a duty to indemnify them in the underlying state-court litigation. ECF No. 14 at 1. In other words, Plaintiffs appear to acknowledge that at least *some* discovery is necessary in this case and have not shown that early summary judgment "would significantly limit the scope of" that discovery. *Brand Advantage*, 2020 WL 5097107, at *3.

The Court understands that Plaintiffs believe early summary judgment would "promote judicial efficiency by 'secur[ing] the just, speedy, and inexpensive determination' of" the duty-to-defend issue. ECF No. 14 at 2 (quoting Fed. R. Civ. P. 1). But as another court in this District aptly put it, "short-term speed will not replace long-term efficiency in this case." *Prow v. Roy*, No. 15-cv-3875 (PAM/SER), 2016 WL 4618890, at *2 (D. Minn. Sept. 6, 2016). The Court will be better positioned to adjudicate the issues in this case on the merits by allowing discovery to proceed in accordance with the scheduling order so the parties may develop and present a more complete record at a later date.

Although the Court declines Plaintiffs' request now, the Court is open to reconsidering Plaintiffs' request upon completion of fact discovery in this case given that Gemini does not anticipate the need for any expert discovery. *See* ECF No. 15 at 2. In that event, Plaintiffs may file another letter requesting leave to file an early dispositive motion and providing argument in support of its request. Alternatively, if the parties agree that a shorter discovery window is appropriate and that dispositive motions can be filed earlier than the current scheduling order contemplates, the Court encourages the parties to confer and jointly propose an amended scheduling order.

4

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that Plaintiffs' Request to File Early Summary Judgment (ECF No. 14) is **DENIED WITHOUT PREJUDICE**.

Dated: June 12, 2025                              *s/Laura M. Provinzino*
                                                  Laura M. Provinzino
                                                  United States District Judge